Per Cur.

unanimously.

The bond on which this suit is brought, must be considered either
1st. As an original undertaking in the defendant’s own right.
2dly. As a collateral one in default of another ; or
3dly. As a bail bond, or in nature of one.
If an original one, nothing can discharge the defendant, but the full and complete payment of the debt and charges» If a collateral undertaking, the bond is defeasible by the performance of the condition by the party, for whose default the defendant became bound. If in the nature of bail; then, from the very legal import of the term, the party might surrender himself up, in discharge of his bail; or the bail might have surrendered the principal, in discharge of his bond or recognisance 5 or his being taken in execution on a ca. sa. and in custody, exonerated the bail.
1. That he cannot be considered as an original undertaker, will appear evident from his not being a party, either in the suit, or in the bill in equity. The plaintiff, Porteous., had no claim on him, when the suit was originally commenced at common law ; for he was no party to the contract; and when Washington went into chancery, the defendant, Snipes, wras no party in the bill which prayed for the injunction. Snipes only came forward as his friend, to enable him to obtain that redress which he conceived himself entitled to, from the nature and equity of his case, and engaged that Washington should abide the decree of the court of chancery, or pay and satisfy the plaintiff at law. The performance of the condition was entirely on the part of Washington : the defendant, Snipes’s name is not mentioned in it. ■ It is evident, therefore, that he ought not, nor cannot be considered as an original undertaker, so as to make him chargeable in his own right.
2. That from the very nature of a collateral undertaking, if the party in the original obligation, performs the conditions in the contract, the collateral undertaker is discharged. What then is the nature and extent of' the present undertaking l Why, that Washington should abide the order of *221 she court of chancery, or pay and satisfy the judgment at common law. If there had been any decree in chancery, it is clear Snipes would have been bound, if Washington had not performed ; but there was none — of course there was nothing obligatory on him in chancery. The bill was dismissed, and the plaintiff left at liberty to proceed at law. At this stage of the business then, the plaintiff was free to pursue whatever right the law gave. There were two remedies : first, upon the original judgment against Washington; or, secondly, on the bond against both, for payment of the money. It was at this period that the plaintiff had to decide which remedy he would follow. He did so ; he made his election, and proceeded against the defendant on the original judgment, took his body in execution and he died in custody.* His election in this case, was conclusive against him. The cases cited from Viner, are clear on the subject. His being in custody, and dying in gaol, is a satisfaction in law, and one of the highest nature. It is a performance of one of the conditions of the bond, entered into when the injunction was obtained. Although the words in the condition of the bond are in the copulative pay and satisfy 5 yet they may well be construed to be in the disjunctive pay or satisfy. So that satisfaction in any other way, than payment of the money, is a defeasance of the bond, inasmuch as payment of the money would have been.
3. Should this however be considered in nature of bail in error ; still, according to the cases in the books, the bail might have surrendered the principal: and if he might have surrendered him, his being taken in custody (which is tantamount to a surrender) and dying there, amounts to a discharge of the bail at common law. Roll. 392. Moor. 853. 3 Bulstrode, 191. 1 Bac. 218. 1 Roll. 33 7. Moor. 888. If it should be considered in nature of bail under the attachment law, if the plaintiff in attachment will (as has; *222 been well observed by the defendant’s counsel) relinquish his bond, and proceed to judgment against the absent debt- or, and charge him in execution, it would be a waiver of his right against the security to the attachment bond. As to the cases cited by the plaintiff’s counsel respecting co-obligors, and one dying in gaol not being a discharge of the other, they do not apply in the present case. They all relate to original undertakers; parties to the original contract, and not to collateral engagements. Upon the whole, the court are of opinion, that the plea in bar is a good plea,- and ought to be sustained ; therefore,
Pringle, Fraser, Parker, Ford, and Desaussure, for plaintiff.
The Attorney-General, Pinckney, and Harper, for defendant.
Let the judgment be for defendant.
Present, the Ciiiee Justice, and Judges Burke, GRimke, and Bay.

 Washington was executed for forgery, though the fact did ndt appear pn the face of the pleadings : they only stated, that he died in gaol, being in custody before he was accused of the forgery.